**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PRZEMYSLAW BRONCEL,** | CV F 08-0496 AWI DLB |
| Plaintiff, | |
| | ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT PARTIES AMEZQUITA AND SOUTH BOUND EXPRESS AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |
| v. | |
| **H&R TRANSPORT, LTD; RANDY WILSON; JOSE AMEZQUITA; CAYETANO CRUZ; SOUTH BOUND EXPRESS CO.;and DOES 1 through 100, inclusive** | |
| Defendants. | |
| | **Documents #'s 10 and 15** |

In this action for damages, defendant Jose Amezquita ("Amezquita") moved to dismiss the complaint as to himself on July 8, 2008, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant South Bound Express joined Amezquita's motion to dismiss on July 17, 2008. On August 4, 2008, plaintiff Przemyslaw Broncel ("Broncel") moved to voluntarily dismiss defendants Amezquita, Cayetano Cruz, and South Bound Express with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a

notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Inspection of the court's docket report indicates no answer has been filed in this case and no motion for summary judgment has been filed. Broncel therefore has the absolute right to voluntarily dismiss defendants Amezquita and South Bound Express.

Although a motion to voluntarily dismiss pursuant to Rule 41(a)(1) is not necessary and dismissal of defendants Amezquita and South Bound Express would have been effective upon notice, the court hereby GRANTS Broncel's motion for dismissal with prejudice as to defendants defendants Amezquita, Cayetano Cruz and South Bound Express. Because the motion to dismiss pursuant to Rule 12(b)(6) was made by Amezquita only and joined by South Bend Express only, that motion is now moot.

THEREFORE, in accord with the foregoing, defendants Amezquita, Cayetano Cruz, and South Bound Express are hereby DISMISSED with prejudice as to all claims. The motion by Amezquita to dismiss pursuant to Rule 12(b)(6) and as joined by South Bound Expressis hereby DENIED as moot.

IT IS SO ORDERED.

**Dated:     September 2, 2008**             /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE