IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRZEMYSLAW BRONCEL,<br><br>        Plaintiff,<br><br>   v.<br><br>H & R TRANSPORT, LTD, et al.,<br><br>        Defendants. | NO. 1:08-CV-496-AWI-DLB<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br>(Document #27) |

     On March 13, 2008, plaintiff Przemyslaw Broncel ("Plaintiff") filed his personal injury action in the California Superior Court, County of Merced. On April 9, 2008, Defendant H & R Transport filed a notice of removal to the U.S. District Court for the Eastern District of California. On July 31, 2009, defendant H&R Transport, LTD ("Defendant") filed a Motion for Summary Judgment. In essence, the Defendant is asking this Court to set aside the Merced State Court's March 24, 2008 Nunc Pro Tunc order ("State Court Order"). The Defendant argues that the State Court Order, which allowed Plaintiff to backdate his complaint to January 28, 2008, is

erroneous under California state law.[1]

Even assuming that this Court accepts all of Defendant's facts as true, Defendant has not cited authority for this Court to grant them the relief they seek under a motion for summary judgment standard.  The remedy appears to be a motion for reconsideration of the State Court Order.  See  28 U.S.C. § 1450.

Accordingly, Defendant's Motion for Summary Judgment is denied.

**ORDER**

For the reasons stated above, the court ORDERS that Defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

**Dated:     January 13, 2010                    /s/ Anthony W. Ishii**
                                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1]It appears that Plaintiff attempted to file his complaint on January 28, 2008.  On or about March 12, 2008, Plaintiff's counsel contacted the Merced County Court as to the status of the complaint and was advised that it was never filed.  On March 14, 2008, Plaintiff filed his complaint with the Merced County Court.  On March 18, 2008, Plaintiff's counsel filed an ex parte application requesting a Nunc Pro Tunc Order to backdate the filing of the complaint, which would put Plaintiff within the two-year statutory time frame for a personal injury action.  Defendant contends that Plaintiff failed to give Defendant proper notice and service of the ex parte application.  Defendant asserts that it received the ex parte application documents via express mail on March 31, 2008, seven days after the ex parte hearing.

2