1

2

3

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7

8

9

10

11

12

| | | |
|---|---|---|
| PRZEMYSLAW BRONCEL, | ) | NO. 1:08-CV-496-AWI-DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| v. | ) | (Document No. 55) |
| | ) | |
| | ) | |
| H & R TRANSPORT, LTD, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

13

14

15

16

17

18

19

20

        This action arises out of a motor vehicle accident that occurred on February 3, 2006, in

Merced County.  Defendant H&R Transport, LTD ("Defendant") was operating a tractor trailer,

which was involved in a collision with plaintiff Przemyslaw Broncel ("Plaintiff").  On March 13,

2008, Plaintiff filed a personal injury action in the California Superior Court, County of Merced.

On April 9, 2008, Defendant removed to this Court.  On July 31, 2009, Defendant filed a Motion

for Summary Judgment asking this Court to set aside the Merced State Court's March 24, 2008

Nunc Pro Tunc order ("State Court Order").

21

22

23

24

        On January 14, 2010, the court denied Defendant's Motion for Summary Judgment

because Defendant had not cited authority that would authorize the relief they requested under a

motion for summary judgment standard.  The court further reasoned that the appropriate remedy

appeared to be a motion for reconsideration of the State Court Order.

25

26

27

28

        On January 27, 2010, Defendant filed a motion for reconsideration of the State Court

Order. Defendant argues that the State Court Order, which allowed Plaintiff to backdate his

complaint to January 28, 2008, is erroneous under California state law.  For the reasons stated

1  below, the Court agrees and Defendant's Motion for Reconsideration will be granted.

2                                            **HISTORY**[1]

3            On January 28, 2008, Plaintiff's original counsel, Sonia Perez-Chaisson ("Chaisson"),

4   provided Official Payments Corporation ("OPC"), an automated fax filing service, with a

5   complaint and summons for OPC to file with the Merced County Superior Court.[2]  See Plaintiff's

6   Ex Parte Application for Nunc Pro Tunc Motion at page 1.  On January 28, 2008, OPC rejected

7   the filing of Plaintiff's complaint.  Id.; see also Declaration of Elizabeth Gregg, director of

8   OPC's client services ¶7 ("Gregg Decl.").  OPC rejected the complaint because Plaintiff did not

9   include a separate cover sheet that is required by OPC when fax filing a summons.  See Gregg

10  Decl. ¶7.  OPC faxed a rejection notice to Plaintiff's counsel.  See Gregg Decl. ¶7.

11  Chaisson alleges that she was unfamiliar with OPC's separate cover sheet requirement.  See

12  Plaintiff's Memorandum in Support of Nunc Pro Tunc Motion at page 1.

13           On or about March 12, 2008, Chaisson inquired with the Merced County Superior Court

14  as to the status of the complaint and was advised that it was never filed with the court.  See

15  Plaintiff's Nunc Pro Tunc Motion at pages 1-2.  On March 14, 2008, Chaisson filed the

16  complaint in the Clerk's Office.  On March 17, 2008, Chaisson filed an ex parte nunc pro tunc

17  motion in the Merced County Superior Court seeking to backdate the filing date of the complaint

18  to January 28, 2008, which would put Plaintiff within the two-year statute of limitations for a

19  personal injury action.  Plaintiff argued that the act of delivering the complaint to OPC

20  constituted the act of filing the complaint.  See Plaintiff's Memorandum in Support of Nunc Pro

21  Tunc Motion at page 4.

22           Defendant contends that Plaintiff failed to give Defendant proper notice of the ex parte

23  _____

24       [1]The factual history is provided for background only and does not form the basis of the
    court's decision; the assertions contained herein are not necessarily taken as adjudged to be true.
25  The legally relevant facts relied upon by the court are discussed within the analysis.

26       [2]Chaisson decided to fax file the complaint through OPC due to time constraints and
    because Chaisson's office is located 6 hours away from Merced County.  See Plaintiff's
27  Memorandum in Support of Nunc Pro Tunc Motion at page 1.

28                                                2

1    hearing and service of the ex parte application.  See Defendant's Motion for Reconsideration at

2    page 2.  Defendant asserts that it received the ex parte application documents via express mail on

3    March 31, 2008, seven days after the ex parte hearing, through their agent for service of process

4    in Alberta, Canada.  See Defendant's Motion for Reconsideration at page 3.  On March 19, 2008,

5    Chaisson signed a Declaration of Notice, which purported to give notice of the ex parte hearing,

6    but it provides no date of hearing, and no proof of service.  See Exhibit E to Joseph Low

7    Declaration ("Low Decl.").  Plaintiff alleges that, on or about March 18, 2008, Chaisson

8    telephoned Defendant H&R Transport's agent for service of process, Steve Evan, and spoke with

9    his secretary about Plaintiff's intent to move by an ex parte application.  See Exhibit E to Low

10   Decl.  On March 24, 2008, the Merced County Superior Court granted the unopposed motion,

11   and ordered the backdating of the complaint to January 28, 2008.

## LEGAL STANDARD

13       "When a case is removed, federal court takes it as though everything done in state court

14   had in fact been done in federal court."  Munsey v. Testworth Laboratories, 227 F.3d 902, 903

15   (6th Cir. 1955); Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963).  By statute,

16   "injunctions, orders, and other proceedings had in such [state] action prior to its removal shall

17   remain in full force and effect until dissolved or modified by the district court."  28 U.S.C.

18   §1450.  "In sum, whenever a case is removed, interlocutory state court orders are transformed by

19   operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is

20   removed."  See In re Diet Drugs, 282 F.3d 220, 232, n.7 (3rd Cir. 2002)  "The authority of a

21   district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him

22   or by a district judge previously presiding in the case, including (because the case has been

23   transferred) a judge of a different court, is governed by the doctrine of the law of the case, which

24   authorizes such reconsideration if there is a compelling reason, such as a change in, or

25   clarification of, law that makes clear that the earlier ruling was erroneous."  Santamarina v.

26   Sears, Roebuck & Co. 466 F.3d 570, 571-72 (7th Cir. 2006).

27

28                                                    3

1    A court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

2 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.

3 1992).  A motion for reconsideration, however, should not be granted absent highly unusual

4 circumstances, unless the district court is presented with newly discovered evidence, committed

5 clear error, or if there is an intervening change in controlling law.  Kona Enterprises, Inc. v.

6 Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  To succeed, a party must set forth facts or

7 law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g.,

8 Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in

9 part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

10    Moreover, when filing a motion for reconsideration, Local Rule 78-230(k) requires a

11 party to show the "new or different facts or circumstances claimed to exist which did not exist or

12 were not shown upon such prior motion, or what other grounds exist for the motion."

13

14                                              **DISCUSSION**

15    Defendant's Argument

16    Defendant contends that the State Court Order was erroneous under California law

17 because the reason for the backdating of the complaint was due to Plaintiff's error and not the

18 Clerk's error.  Defendant asserts that an order made nunc pro tunc should only correct clerical

19 errors.  Defendant argues that new evidence from OPC shows that the error was attributed to

20 Plaintiff and not the Clerk.  Defendant also argues that Plaintiff failed to provide Defendant with

21 proper notice of his motion for nunc pro tunc.

22    Plaintiff's Argument

23    Plaintiff's new counsel, Low, argues that the State Court Order was not erroneous

24 because the complaint was rejected due to a Clerk's error.  Low contends that Chaisson did not

25 fax file the complaint through a fax filing agency, but rather fax filed the complaint directly with

26 the Merced Superior Court Clerk's Office.  See Plaintiff's Opposition to Defendant's Motion for

27

28                                                   4

1   Reconsideration at page 4; Low Decl. ¶¶9-11.  Plaintiff asserts that the Clerk, not OPC, rejected

2   the fax filing due to a lack of an additional cover sheet.  See Plaintiff's Opposition to

3   Defendant's Motion for Reconsideration at page 3; see also Low Decl.¶9; Chaisson September

4   2009 Declaration ("Chaisson September 2009 Decl.") ¶¶3-4.  Plaintiff argues that Defendant

5   waived its objections to the State Court Order because it failed to move for reconsideration at the

6   state court level within 10 days after service upon the party of written notice of entry of the order

7   pursuant to Cal. Code of Civil Procedure §1008.  See Plaintiff's Opposition to Defendant's

8   Motion for Reconsideration at page 5.[3]  Plaintiff argues in the alternative, that if the Court does

9   not deny the motion for reconsideration, then Plaintiff requests additional time to conduct further

10  discovery regarding the filing of the complaint.[4]

11          Analysis

12              Nunc Pro Tunc Standard

13          A court has the power to correct clerical errors or misprisions in its records so that the

14  records will conform to and speak the truth.  See 7 Witkin, Cal. Procedure (4th ed. 1997)

15  Judgment, § 69, p. 597.  This inherent power is found in Cal. Code of Civil Procedure section

16  473, subdivision (d), which provides "[t]he court may, upon motion of the injured party, or its

17  own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the

18

19

20          [3]Defendant argues that it did not waive its objections to the State Court Order because it
    is seeking reconsideration under 28 U.S.C. § 1450.  See Defendant's Reply at page 5.  The court
21  agrees.  Plaintiff has not shown that Cal. Code of Civil Procedure § 1008 would apply in this
    case given that the case was removed to federal court.  See 28 U.S.C. §1450; Santamarina, 466
22  F.3d at 571-72; Butner, 324 F.2d at 785.  However, even if Cal. Code of Civil Procedure § 1008
    applied in this case, Plaintiff does not provide the date that the State Court Order was served
23  upon Defendant, therefore, it is not clear that Defendant would have been in violation of §1008
    before removal.  Therefore, this court has considered Defendant's lack of objection with the state
24  court and rejects Plaintiff's argument.

25          [4]The court denies Plaintiff's request for additional time as Plaintiff has had over 8 months
    to conduct discovery and secure declarations from OPC or the Merced County Court Clerk's
26  Office regarding the filing of the complaint.  Defendant originally raised its arguments in its
    Motion for Summary Judgment filed in July 2009, and again in its January 2010 motion for
27  reconsideration.  Therefore, Plaintiff has had sufficient time to investigate the relevant factual
    matters.

28                                          5

1    judgment or order directed."  A nunc pro tunc order should correct clerical errors by placing on

2    the record what was actually decided by the court but was incorrectly recorded.  Hamilton v.

3    Laine, 57 Cal. App.4th 885, 891 (1997).  The purpose of a nunc pro tunc order is to cause the

4    records to show something done which was actually done, but which by misprision or neglect,

5    was not at the time entered in the record.  City of Los Angeles v. Superior Court, 264 Cal.

6    App.2d 766, 771 (1968).  A nunc pro tunc order cannot be made for the purpose of declaring that

7    something was done which was not done.  Id. at 771; People v. Borja, 95 Cal.App.4th 481, 485

8    (2002); see also 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 65, p. 593 (describing when

9    nunc pro tunc orders are appropriate).  Accordingly, if the nunc pro tunc order was used to

10   correct a non-clerical error, then the State Court Order was erroneously granted.

11                     Whether Plaintiff's Complaint was Rejected Due to a Clerical Error

12          Here, the parties are disputing whether Plaintiff's complaint was rejected due to a clerical

13   error.  Low claims that Plaintiff's former counsel, Chaisson, filed the complaint directly with the

14   Superior Court and not through a fax filing agency, such as OPC.  Defendant asserts that

15   Chaisson filed the complaint through OPC, and that OPC and not the Clerk's Office rejected the

16   complaint.

17          In support of Plaintiff's position, Low declares:

18          On February 11, 2010, I called the Merced Civil Court Clerk Supervisor Sylvia
            Barcelo to ask whether the court accepts facsimile filings and the process
19          involving facsimile filings. Sylvia Barcelo informed me that, as of January 28,
            2008, that the Merced Unlimited Civil Court Clerk did accept facsimile filings of
20          Unlimited Civil Complaints from attorneys. She further stated that when an
            attorney files a civil complaint via facsimile, the facsimile phone number given to
21          the attorney to send the fax is located in the clerk's office... The civil court works
            with Official Payments Corp.
22
     See Low Decl. at page 1 lines 10-28.  Low also declares that: "On February 11, 2010, I spoke
23
     with Jenny Sounthapanaya, at O.P.C., who informed me that in fact when a lawyer used the
24
     Automated Fax Filing Service, the fax goes directly to the Court."  See Low Decl. at page 2 line
25
     18.
26          Defendant objects to Low's declaration on the grounds that it is contrary to the

27

28                                                  6

1   information sworn to by Gregg, OPC's client service director.  Additionally, Defendant objects

2   on the basis that Low's declaration is hearsay and lacks personal knowledge.  See Defendant's

3   Reply Brief at page 3.  The Court is not persuaded by Low's declaration for three reasons.

4          First, the assertion in Low's declaration that the complaint was filed in the Clerk's Office

5   is hearsay because it is purely based on his telephone conversations with the Merced Clerk's

6   Office supervisor and an OPC employee.  Plaintiff presents no admissible evidence to support his

7   position.  Therefore, Defendant's objection is sustained.

8          Second, Low's declaration is contrary to Gregg's declaration.  Gregg declares that OPC

9   rejected the fax filing.  See Gregg Decl. ¶7.  Gregg declared that OPC rejected the filing because

10  each document did not have its own separate transmission sheet.  Id.  Gregg declares:

11          When attempting to fax documents to various courts for filing, we require for
            every document being filed an Official Payments Corporation fax cover sheet.
12          This cover sheet requirement is listed in the instructions provided to each
            customer when their account is activated.  If we receive a document from a
13          customer who has not properly faxed the document to us, following the
            instructions we have provided, we will reject the document and provide the
14          customer with notification fo [sic] the rejection.

15   See Gregg Decl. ¶¶4-5.  Thus, Gregg's declaration supports Defendant's position that OPC

16  rejected the complaint.[5]  Because Low's declaration is based on hearsay and is contradictory to

17  Gregg's Decl., the court will not rely on Low's declaration in determining whether the complaint

18  was rejected by OPC or the Clerk's Office.

19         Third, Low's declaration, is contrary to Chaisson's representations in the Nunc Pro Tunc

20  motion.[6]  Chaisson represented to the state court that she provided OPC with a complaint and

21  _____

22         [5]Plaintiff also relies on Gregg's declaration at page 13 for the proposition that the clerk
    rejected the fax filing.  The court has reviewed the Gregg declaration, and is unable to find a page
23  13 or paragraph 13.  Furthermore, the court is unable to find any reference in Gregg's declaration
    that states that the Clerk's Office rejected the fax filing. Thus, Gregg's declaration is contrary,
24  and not helpful, to Plaintiff's argument.

25         [6]Plaintiff relies on Chaisson's September 2009 declaration ¶¶3-4 to support its assertion
    that the clerk and not OPC rejected the fax filing.  The court has reviewed Chaisson's September
26  2009 declaration, and is unable to find a reference that the fax filing was rejected by the Clerk's
    Office.  Chaisson declares that the Clerk informed her that the rejection occurred, see Chaisson's
27  September 2009 Decl. ¶3, but this statement alone does not establish that the Clerk's Office was

28                                                    7

1  summons for OPC to file with the Merced County Superior Court.  See Plaintiff's Ex Parte

2  Application for Nunc Pro Tunc Motion at page 1.  Chaisson admitted that OPC rejected the filing

3  of Plaintiff's complaint.  Id.  Chaisson argued that Plaintiff should not be foreclosed from filing

4  his lawsuit based on a hyper-technical rule established by OPC, and that OPC failed to give

5  notice of the fax filing.  See Plaintiff's Ex Parte Application for Nunc Pro Tunc Motion at page

6  2.  These statements support the notion that Chaisson believed that OPC rejected the fax filing

7  and not the Clerk's Office.  Therefore, Plaintiff's reliance on Chaisson's declaration does not

8  support Plaintiff's argument that the Clerk's Office rejected the filing.

9        A paper is deemed to be filed when presented at the proper office and deposited with the

10  papers.  City of Los Angeles, 264 Cal. App.2d at 770.  The proper offer [of filing] means more

11  than a mere presentation to the officer; it requires the filing to be in the proper place and within

12  the proper time.  Id. at 770.  Based on the evidence provided by the parties, including Chaisson's

13  September 2009 declaration and Gregg's declaration, it appears that OPC rejected Plaintiff's

14  complaint and, as a result, the complaint was not rejected by the Clerk's Office.

15                                    **CONCLUSION**

16        An order made nunc pro tunc should only correct clerical error by placing on the record

17  what was actually decided by the court but was incorrectly recorded.  Hamilton, 57 Cal. App.4th

18  at 891.  The purpose of a nunc pro tunc order is to cause the record to show something done

19  which was actually done, but which, by misprision or neglect, was not at the time entered in the

20  record.  City of Los Angeles, 264 Cal. App.2d at771.  A nunc pro tunc order cannot be made for

21  the purpose of declaring that something was done which was not done.  Id.  The evidence

22  presented by the parties indicates that the complaint was not filed with the Clerk's Office and

23  was not rejected by the Clerk's Office.  Since there was no clerical error regarding the filing of

24  the complaint, the state court erroneously granted the Plaintiff's nunc pro tunc order.

25        Accordingly, Defendant's Motion for Reconsideration is granted and therefore the correct

26  _____

27  the entity that rejected the fax filing.

28                                          8

1  filing date of the complaint is March 13, 2008.

2                                    **ORDER**

3       For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for

4  Reconsideration is GRANTED.

5

6  IT IS SO ORDERED.

7  **Dated:     April 27, 2010**                         /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        9