IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRZEMYSLAW BRONCEL,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>  )<br>H & R TRANSPORT, LTD, et al.,  )<br>  )<br>  )<br>    Defendants.  )<br>_____  ) | NO. 1:08-CV-496-AWI-DLB<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Document No. 75) |

This action arises out of a motor vehicle accident that occurred on February 3, 2006, in Merced County. Defendant H&R Transport, LTD ("Defendant") was operating a tractor trailer, which was involved in a collision with plaintiff Przemyslaw Broncel ("Plaintiff"). Pending before the Court is Plaintiff's motion for reconsideration of this Court's April 27, 2010 order, which granted Defendant's motion for reconsideration of the Merced County Superior Court's ("Merced Court") March 24, 2008 Nunc Pro Tunc order ("State Court Order"). For the reasons stated below, Plaintiff's motion for reconsideration will be granted.

## **HISTORY**[1]

On January 28, 2008, Plaintiff's original counsel, Sonia Perez-Chaisson ("Chaisson"), attempted to fax file a complaint, summons, and civil cover sheet with the Merced Court by faxing these documents to Official Payments Corporation ("OPC"), an automated fax filing service. On or about March 12, 2008, Chaisson inquired with the Merced Court as to the status

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.


of the complaint and was advised that it was never filed with the court. Plaintiff's complaint was rejected because it did not include separate transmittal cover sheets for the complaint and summons. On March 13, 2008, Plaintiff filed a personal injury action in the Merced Court. On March 17, 2008, Chaisson filed an ex parte nunc pro tunc motion in the Merced Court seeking to backdate the filing date of the complaint to January 28, 2008, which would put Plaintiff within the two-year statute of limitations for a personal injury action. On March 24, 2008, the Merced Court issued a Nunc Pro Tunc order, which allowed Plaintiff to backdate his complaint to January 28, 2008. On April 9, 2008, Defendant removed to this Court.

On January 27, 2010, Defendant filed a motion for reconsideration of the State Court Order. Defendant argued that the State Court Order was erroneous under California law because nunc pro tunc orders should only correct clerical errors and here the reason for the backdating of the complaint was due to Plaintiff's error, and not the Merced Court Clerk's Office's ("Clerk's Office") error. On April 27, 2010, this Court granted Defendant's motion for reconsideration because the evidence provided by the parties indicated that the error was attributable to Plaintiff and not the Clerk's Office. On May 25, 2010, Plaintiff filed a motion for reconsideration of the April 27, 2010 order. On June 14, 2010, Defendant filed an opposition.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to alter, amend, or vacate a prior order. See Fed. R. Civ. Pro. 59(e); Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1994); Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-91 (9th Cir. 2000). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."

United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003); Kona Enters., 229 F.3d at 890. This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). To justify an amendment based on newly discovered evidence, a party "must show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." Dixon, 336 F.3d at 1022; Defenders of Wildlife v. Bernal, 204 F.3d 920, 929 (9th Cir. 1999). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945; Kona Enters., 229 F.3d at 890. Stated differently, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures [or] allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001). When filing a motion for reconsideration, Local Rule 230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

Plaintiff's Argument

Plaintiff's new counsel, Joseph Low ("Low"), argues that the State Court Order was not erroneous because newly discovered evidence shows that the complaint was received and rejected by the Clerk's Office on January 28, 2008. See Judge Ronald W. Hansen Declaration ("Judge Hansen Decl.") ¶¶2,3; Brenda D. Reyna Declaration. ("Reyna Decl.") ¶¶2, 13,14,16,30. Low contends that the Clerk's Office, and not OPC, rejected the complaint for failure to include

separate transmission cover sheets.  See Judge Hansen Decl. ¶3.  Plaintiff argues that the Clerk's office erroneously rejected the complaint when it enforced a rule that required separate cover sheets for the complaint and summons.  Plaintiff asserts that a clerk may not reject a complaint for reasons that are not contained in California Rules of Court.  Low contends that he exercised reasonable diligence to obtain this evidence prior to the Court's ruling on Defendant's motion for reconsideration, but was unable to do so in the time available due to the reluctance of the court clerk and OPC to cooperate.  See Plaintiff's Motion for Reconsideration at page 3; Low May 13, 2010 Declaration ("Low Decl.") ¶¶7,10, 12-13.

Defendant's Argument

Defendant argues that Judge Hansen's and Reyna's respective declarations do not constitute "new evidence" because Plaintiff was aware of the information contained in the declarations prior to the filing of Plaintiff's motion for reconsideration.  Defendant asserts that Plaintiff had ample opportunity to obtain these declarations before this motion.  In the alternative, Defendant requests additional time to investigate the "new evidence."[2]

Analysis

Nunc Pro Tunc Standard

Under California law, a court has the power to correct clerical errors or misprisions in its records so that the records will conform to and speak the truth.  See 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 69, p. 597.  This inherent power is found in Cal. Code of Civil Procedure §473(d), which provides "[t]he court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed."  A nunc pro tunc order should correct clerical errors by placing on the record what was actually decided by the court but was incorrectly recorded.  Hamilton v.

---

[2] The Court denies Defendant's request for additional time to investigate the new evidence given that Judge Hansen's and Reyna's declarations unequivocally show that the complaint was received and rejected by the Clerk's office.  Therefore, additional time will not be helpful in determining whether the complaint was received and rejected by the clerk's office as opposed to OPC.

4

Laine, 57 Cal. App.4th 885, 891 (1997).  The purpose of a nunc pro tunc order is to cause the records to show something done which was actually done, but which by misprision or neglect, was not at the time entered in the record.  City of Los Angeles v. Superior Court, 264 Cal. App.2d 766, 771 (1968).  A nunc pro tunc order cannot be made for the purpose of declaring that something was done, when in fact it was not done.  See id. at 771; People v. Borja, 95 Cal.App.4th 481, 485 (2002); see also 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 65, p. 593.

   Whether Plaintiff's Complaint was Rejected Due to a Clerical Error

  In the parties' briefing for Defendant's prior motion for reconsideration, the parties disputed whether Plaintiff's complaint was rejected due to a clerical error.  Low claimed that the complaint was rejected by the Clerk's Office and not OPC.  In support of Plaintiff's position, Low declared that he had spoken with the Clerk's Office and was informed that the complaint was received by the Clerk's Office.  Low also declared that he spoke to an OPC employee who indicated that the faxed complaint went directly to the Merced Court.

  Defendant objected to Low's declaration on the grounds that it was hearsay.  The Court sustained Defendant's objection because Low's declaration was based entirely on his telephone conversations with the Clerk's Office and an OPC employee.  Plaintiff did not provide any declarations from the Clerk's Office or from OPC.  Defendant, on the other hand, provided the declaration of an OPC employee, Elizabeth Gregg ("Gregg"), who declared that OPC rejected the complaint.  Based on the admissible evidence provided by the parties, including Gregg's declaration, the Court concluded that "it appears that OPC rejected Plaintiff's complaint, and, as a result, the complaint was not rejected by the Clerk's Office."  See Doc. No. 73 at page 7.

  In this motion for reconsideration, Plaintiff has now provided the Court with newly obtained declarations from Judge Hansen (who granted the State Court Order) and Reyna (who was a Court Clerk in the Clerk's Office on January 28, 2008.)  These declarations show that the Clerk's Office received and rejected the Plaintiff's complaint.  On May 9, 2010, Judge Hansen

declared:

> On or about March 24, 2008, I signed a nunc pro tunc order correcting the filing date of the complaint in this matter based on the declarations of Sonia Perez-Chaisson and Martin Stanley, which supported findings that the summons, complaint, and civil case cover sheet had been faxed and received by our court as #91700249 on 1-28-08 at 12:47:54 pm, but had been rejected by the court clerk due to the lack of a separate transmittal cover sheet. I concluded, after consideration of all the facts and circumstances, to be clerical, insubstantial and technical in nature. After reviewing the ex-parte application of the Plaintiff to correct the filing date of the complaint, and good cause appearing, I granted the nunc pro tunc order correcting the date of filing of the complaint to the date originally submitted to the court clerk for filing, January 28, 2008.

See Judge Hansen Decl. ¶¶3,4.

Reyna declared on April 30, 2010:

> The summons and complaint in this action Przemyslaw Broncel v. H&R Transport, Ltd. Were fax filed directly to Merced Superior Court on January 28, 2008. When a fax filing comes into the Court Clerk's Office a clerk here records ALL of the fax transmissions into the Fax Filing Log book. Then the document(s) are reviewed for compliance with state and local filing rules. The attorney filing is either accepted or rejected. Either way, we notify the attorney, again through O.P.C. as to whether or not the filing was accepted or rejected. O.P.C. does not have the power to approve or deny filings with the Court Clerk by attorneys. The Court Clerk is the only entity that has that power. O.P.C. merely arranges for the transmittal of the attorney filing and the billing of the service. The faxed document was rejected by the Court Clerk because the rules require that this particular civil complaint should have three transmittals attached and it only had one.

See Reyna Decl. ¶¶12-14,16, 30.

A paper is deemed to be filed when presented at the proper office and deposited with the papers. City of Los Angeles, 264 Cal. App.2d at 770. Here, the Clerk's Office rejected Plaintiff's complaint for failing to include separate transmittal cover sheets based on a local rule.[3] California Rule of Court §2.100, however, provides that: "The Judicial Council has preempted local rules relating to the form and format of papers to be filed in the trial courts. No trial court, or any division or branch of a trial court, may enact or enforce any local rule concerning the form or format of papers." Therefore, assuming that the Clerk followed a local rule, California Rule of Court §2.100 would preempt the local rule. California Rule of Court §3.220, which concerns

---

[3]The Court notes that the parties do not provide a citation to this rule. Plaintiff's briefing suggests that the rule is a local rule. Therefore, the Court assumes that the Clerk's Office was enforcing a local court rule.

6

cover sheets, requires that the first paper filed in an action must be accompanied by a case cover sheet. Rule §3.220 does not require that a complaint and summons be accompanied by separate cover sheets. Further, Rule §3.220 provides in relevant part: "If a party that is required to provide a cover sheet under this rule or a similar local rule fails to do so or provides a defective or incomplete cover sheet at the time the party's first paper is submitted for filing, the clerk of the court must file the paper . . . ." As such, even if Plaintiff had not provided a cover sheet, which is not the case, under California's Rules of Court, the Clerk's Office had a duty to file the complaint. Because here the clerk had no proper basis for rejecting Plaintiff's complaint, it must be deemed filed when it was presented on January 28, 2008.[4]

      Defendant argues that the Court should not consider the Plaintiff's new declarations because Plaintiff knew about the information contained in the declarations before the Court ruled on Defendant's motion for reconsideration. Defendant is correct in that Plaintiff did appear to know these facts as he had presented them previously through Low's declaration. However, as the Court noted in its April 28, 2010 order, the Court was not going to rely on Low's declaration in determining whether the complaint was rejected by OPC or the Clerk's office because his declaration was based on hearsay. Therefore, at the time the Court ruled on Defendant's motion for reconsideration, Plaintiff did not have any admissible evidence to support his position.

      In light of Plaintiff's newly submitted declarations of Judge Hansen and Reyna, it now appears to the Court, that the Clerk's Office did in fact receive Plaintiff's complaint on January 28, 2008, and proceeded to reject the filing of the complaint because the complaint and summons did not include separate transmittal sheets. See Judge Hansen Decl. ¶¶3,4; Reyna ¶30.[5]

---

[4]The Court notes that Defendant did not oppose Plaintiff's argument that the Clerk's Office improperly rejected the complaint based on a local rule, which was preempted by the California Rules of Court.

[5]Defendant objects to certain portions of Reyna's declaration. See Doc. No. 83. However, because the Court does not rely on those challenged portions of Reyna's declaration in reaching its decision, the Court does not express an opinion on Defendant's objections.

7

Defendant in opposition did not submit any reply declarations from OPC or any new evidence, which disputes Plaintiff's new evidence. Therefore, the evidence now shows that the complaint was in fact rejected by the Clerk's office and not OPC.

In addition, Defendant argues that Plaintiff's new evidence should not be considered because Plaintiff had ample opportunity to obtain affidavits in support of his opposition to Defendant's motion for reconsideration. Plaintiff argues that it exercised due diligence in obtaining the necessary evidence but was unable to do so in part due to the reluctance of the Clerk's Office and OPC to cooperate.

After Defendant filed a motion for reconsideration of the State Court Order on January 27, 2010, it appears that Plaintiff made the following efforts to obtain the necessary evidence: (1) On February 16, 2010, Plaintiff served a subpoena on OPC for documentary evidence, but OPC did not comply with the subpoena. See Megan Tankersley May 17, 2010 Declaration ("Tankersley Decl.") at ¶¶4,5,9; (2) On February 11, 2010, Low contacted the Clerk's Office to confirm that the Clerk's Office was the entity that reviewed faxed filed complaints for compliance. See Low May 13, 2010 Declaration ("Low Decl.") ¶8.[6] Low spoke with the Clerk's Office supervisor, Sylvia Barcelo ("Barcelo") about the Clerk's fax filing procedures. Id. Low declares that Barcelo was not willing to sign a declaration regarding the Clerk's Office's procedures. Id. at ¶10; and (3) On or about February 11, 2010 Low called OPC to speak with Gregg regarding her signed declaration in support of Defendant's motion but was unable to speak with her. Id. at ¶12. On February 25, 2010, the Court took the matter under submission. Plaintiff understood that since the matter was under submission, the Court would not allow further argument and that further discovery would be futile. Id. at ¶15. Based on Plaintiff's efforts, the Court finds that Plaintiff exercised due diligence in obtaining the necessary evidence.

---

[6]Defendant objects to certain portions of Low's declaration. The Court has reviewed the objections and denies them.

**CONCLUSION**

An order made nunc pro tunc should only correct clerical error by placing on the record what was actually decided by the court but was incorrectly recorded. <u>Hamilton</u>, 57 Cal. App.4th at 891. The purpose of a nunc pro tunc order is to cause the record to show something done which was actually done, but which, by misprision or neglect, was not at the time entered in the record. <u>City of Los Angeles</u>, 264 Cal. App.2d at 771. The evidence indicates that the complaint was filed with the Clerk's Office and was rejected by the Clerk's Office on January 28, 2008. Since the Clerk's Office rejected the complaint without a proper basis, the state court properly granted the nunc pro tunc order and backdated the complaint to January 28, 2008.

Accordingly, Plaintiff's Motion for Reconsideration is granted.

**ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is GRANTED, and the correct filing date of the complaint is January 28, 2008.

IT IS SO ORDERED.

Dated:    September 8, 2010

CHIEF UNITED STATES DISTRICT JUDGE