# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRZEMYSLAW BRONCEL,<br><br>          Plaintiff,<br><br>   v.<br><br>H & R TRANSPORT, LTD, et al.,<br><br>          Defendants. | NO. 1:08-CV-496-AWI-DLB<br><br>ORDER DENYING DEFENDANT RANDY WILSON'S MOTION TO DISMISS<br><br>(Document No. 65) |

    This action arises out of a motor vehicle accident that occurred on February 3, 2006, in Merced County. Defendant H&R Transport, LTD ("H&R") owned the truck, which was involved in a collision with plaintiff Przemyslaw Broncel ("Plaintiff"). Defendant Randy Wilson ("Wilson") was the driver of H&R's truck. Pending before the Court is Wilson's motion to dismiss Plaintiff's complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). For the reasons stated below, Wilson's motion is denied.

## HISTORY[1]

    On January 28, 2008, Plaintiff filed his complaint with the Merced County Superior Court. Plaintiff's complaint was rejected by the Clerk's Office. On March 13, 2008, Plaintiff

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1  filed his complaint in the Merced County Superior Court.  On March 24, 2008, the Merced
2  Superior Court issued a nunc pro tunc order, which backdated Plaintiff's complaint to January
3  28, 2008 and put Plaintiff within the two-year statute of limitations for a personal injury action.
4  The state court issued the nunc pro tunc order because the court found that the complaint was
5  rejected due to a clerical error.  On April 9, 2008, H&R filed a notice of removal to this Court.

6      On July 31, 2009, H&R filed a motion for summary judgment and argued that Plaintiff's
7  complaint was time barred because the state court order that backdated the complaint was
8  erroneous.  On August 21, 2009, the Court issued an order to show cause against Plaintiff
9  regarding whether Wilson had been served.  On or about September 14, 2009, Plaintiff filed a
10 proof of service regarding the service effectuated on Wilson.  See Doc. No. 39.  On October 6,
11 2009, Plaintiff filed a more complete version of the proof of service.  See Doc. No. 43.  On
12 October 8, 2009, the Court discharged the order to show cause because Plaintiff filed a proof of
13 service that indicated that Wilson had been served with the summons and complaint on June 2,
14 2008.  See Doc. 44.

15     On January 14, 2010, this Court denied H&R's motion for summary judgment.  On
16 January 27, 2010, H&R filed a motion for reconsideration of the state court order to this Court.
17 On April 1, 2010, Wilson filed the instant motion to dismiss.  On April 19, 2010, Plaintiff filed
18 an opposition to Wilson's motion to dismiss.  In opposition, Plaintiff's counsel, Joseph Low
19 ("Low") contends that before the action was removed, on April 2, 2008, Plaintiff's former
20 counsel, Sonia Chaisson ("Chaisson") requested that Legal Language Services effectuate service
21 of process on Wilson in Canada pursuant to the Hague Convention.  See April 19, 2010 Low
22 Decl. ("Low Decl.") ¶4.  On April 11, 2008, Chaisson submitted materials to Legal Language
23 Services for purposes of serving Wilson in Canada.  See Low Decl. ¶5.  On June 2, 2008, Wilson
24 was served with the complaint, summons, and state related documents in Canada.  See Low Decl.
25 Exhibit 3 - Proof of Service at page 2.  Low declares that it was Plaintiff's understanding that
26 H&R had given notice to all parties of its removal.  See Low Decl. ¶7.  Wilson did not file an

answer. On March 2010, Plaintiff served Wilson in Canada with the complaint and removal papers. See Doc. No. 71.

On April 28, 2010, this Court granted H&R's motion for reconsideration and found that based on the evidence provided by the parties, the state court order was erroneously granted and therefore Plaintiff's complaint was not properly backdated to January 28, 2008. On May 25, 2010, Plaintiff filed a motion for reconsideration of the Court's April 28, 2010 order. On September 9, 2010, the Court granted Plaintiff's motion based on Plaintiff's newly submitted evidence, which indicated that the state court order was not erroneously granted.

## **DISCUSSION**

### Wilson's Argument

Wilson argues that the complaint should be dismissed against him because Plaintiff effectuated insufficient service of process and did not give Wilson proper notice. Wilson argues that Plaintiff did not properly serve him until March 11, 2010.[2]

### Plaintiff's Argument

Plaintiff argues that dismissal is not warranted because there is no prejudice to Wilson since he has had actual notice of the complaint since June 2008 and because the parties have not taken depositions or served interrogatories.[3]

### Analysis

Assuming arguendo that Plaintiff provided insufficient service of process to Wilson because Plaintiff did not serve the complaint with the notice of removal papers until March 2010, the Court nonetheless finds that dismissal is not warranted in this case. District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions

---

[2]Wilson does not dispute that he was served on June 2, 2008 with the complaint, summons, and state court related documents. It appears that Wilson is arguing that he did not receive the complaint *and removal papers* until March 2010.

[3]The Court notes that at the time Plaintiff filed his opposition, he contended that no depositions had been taken and that Wilson's deposition was set for May 10, 2010. It is unclear to the Court whether Wilson was deposed on May 10, 2010.

3

including, where appropriate, default or dismissal. Thompson v. Housing Auth. of Los Angels, 782 F.2d 829, 831 (9th Cir. 1986). Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances. Id. Before imposing dismissal as a sanction under Rule 41(b) the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. The Ninth Circuit holds that it "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). In the present case, none of the factors support dismissal.

     First, Plaintiff's service of Wilson in March 2010, has not slowed the administration of this matter because of the procedural history of this case. Until recently, Plaintiff and Defendant H&R had been solely litigating whether the complaint was barred by the statute of limitations. Plaintiff and H&R began litigating the statute of limitations issue in June 2009. After considering H&R's motion for summary judgment, and both parties' respective motions for reconsideration, the Court recently determined that the state court order was not erroneous and therefore Plaintiff's complaint was properly backdated. See Court's September 9, 2010 Order Doc. No. 90. As such, the fact that Wilson was served on March 2010, has not affected the public's interest in expeditious litigation. Thus, the first factor weighs against dismissal.

     Second, again due to the procedural history of this case, the Court's ability to manage its docket was not impaired by Plaintiff's March 2010 service on Wilson. Given that Plaintiff and H&R had been solely litigating the threshold issue of whether the complaint was timely filed, the March 2010 service has not prevented the case from proceeding. Therefore, the second factor weighs against dismissal.

     Third, while Wilson argues that the delay in service has prejudiced him, Wilson has not shown how he has been prejudiced. Here, the case has been procedurally tied up and the merits

4

of the case have not been addressed by this Court. Plaintiff represents that discovery has not been conducted (with the possible exception of Wilson's deposition), and the trial is not set until May 2011. Because the Court only recently determined that the case may proceed on the merits, Wilson is in the same position to present defenses as if he had been provided notice prior to March 2010.[4] In addition, Plaintiff has not amended his complaint since he filed it on March 13, 2008. Therefore, the complaint that Wilson was served with in June 2008 and March 2010 contain the same claims. Thus, this factor weighs against dismissal.

Fourth, the public policy favoring disposition of cases on their merits counsels strongly against dismissal. Hernandez, 138 F.3d 393 at 399.

Fifth, the availability of less drastic alternatives is inapplicable in this case given that the Ninth Circuit applies this factor by looking to whether the district court discussed or tried alternatives, or warned the plaintiff of the chance of dismissal. See Ferdick v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Here, the Court issued an order to show cause regarding Plaintiff's service as to Wilson. After Plaintiff submitted a proof of service indicating that Wilson had been served with the state complaint on June 2, 2008, the Court discharged the order to show cause. Because Plaintiff complied with the Court's order to show cause, the Court did not have a need to warn the Plaintiff of the chance of dismissal or less drastic alternatives. Thus, the fifth factor is neutral.

Considering the relevant facts discussed above, the Court concludes that this case does not present "exceptional circumstances" that justify dismissal. None of the factors support dismissal. Accordingly, Wilson's Motion to Dismiss is DENIED.

/ / /

---

[4] Discovery is scheduled to close for non-experts on November 12, 2010 and expert discovery is scheduled to close on February 1, 2011. See January 28, 2010 Scheduling Order Doc. No. 60. Given the unique procedural posture in this case, if the parties are unable to maintain the original scheduling order deadlines, including discovery dates and the trial date, the parties may file a motion with Magistrate Judge Beck to extend the deadlines.

5

**ORDER**

    For the reasons stated above, IT IS HEREBY ORDERED that Wilson's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated:     September 20, 2010                                    /s/ [signature]
                                                CHIEF UNITED STATES DISTRICT JUDGE