IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRZEMYSLAW BRONCEL,  )<br>  )<br>  Plaintiffs,  )<br>  )<br>  vs.  )<br>  )<br>H & R TRANSPORT, LTD, et al.,  )<br>  )<br>  )<br>  Defendants.  )<br>_____ ) | 1:08cv0496 AWI DLB<br><br>ORDER REGARDING DEFENDANTS'<br>MOTION FOR PROTECTIVE ORDER<br><br>(Document 94) |

Defendants H & R Transport, Ltd ("H&R") and Randy Wilson ("Wilson") filed the instant motion for protective order on November 29, 2010. The motion was heard on January 7, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Ronald Bushner appeared on behalf of Defendants H&R and Wilson. Joseph Low appeared on behalf of Plaintiff Przemyslaw Broncel.

### BACKGROUND[1]

This case arises out of a multiple-vehicle collision on February 3, 2006. Defendant Wilson, an employee of Defendant H&R, was driving a big rig tractor and trailer on southbound State Route 99. Wilson rear ended a rig stopped directly in front of him. The collision pushed that rig into the

---

[1] The factual background is derived from Defendants' moving papers.

1

back of a tractor trailer being driven by Plaintiff and allegedly caused him injury.

Plaintiff initiated this litigation on March 13, 2008, in Merced County Superior Court against Defendants Wilson, H&R, Jose Amezquita, Cayetano Cruz and South Bound Express.  Defendant H&R answered the complaint and removed the action to this Court on April 9, 2008.

On August 4, 2008, Plaintiff moved to voluntarily dismiss Defendants Jose Amezquita, Cayetano Cruz and South Bound Express with prejudice.  The Court granted the motion and the action proceeds only against Defendants Wilson and H&R.

On July 31, 2009, H&R moved for summary judgment, asking the Court to set aside a Merced County Court order that permitted Plaintiff to backdate his complaint to January 28, 2008.  The Court denied the summary judgment motion based on an apparent lack of authority to grant the requested relief.

On January 27, 2010, H&R filed a motion for reconsideration of the summary judgment order. The Court granted H&R's request for reconsideration and indicated that the correct filing date of the complaint was March 13, 2008.  Thereafter, on May 24, 2010, Plaintiff moved for reconsideration of the reconsideration order.  The Court granted Plaintiff's motion and determined that the correct filing date of the complaint was January 28, 2008.

On September 21, 2010, the Court denied Wilson's motion to dismiss, which was pending during the Court's consideration of the summary judgment motion.  Wilson filed an answer to the complaint on September 28, 2010.

Wilson and H&R are represented by the same law firm.  In early November, their counsel participated in a phone conversation with Plaintiff's counsel, Joseph Low.  During that conversation, defense counsel reported that Defendants would admit liability in the case.  In light of the admission, defense counsel indicated that a deposition of Wilson would not be necessary and that the discovery pending against H&R concerning liability also would not be necessary.  Defense counsel requested damages-related information before the deposition of Plaintiff.  Declaration of Ronald S. Bushner ("Bushner Dec.") ¶ 4.

1     Defense counsel sent a confirming e-mail to Mr. Low on November 9, 2010.  Exhibit A to
2  Bushner Dec.  The e-mail stated that H&R would admit liability and included a proposed stipulation.
3  Bushner Dec. ¶ 5 and Exhibit B.  The e-mail also included a request that discovery pending against
4  H&R be withdrawn because it did not concern damages and a confirmation that Plaintiff would not
5  be taking Wilson's deposition.  Id.

6     On November 14, 2010, Mr. Low responded by e-mail.  In his response, he denied agreeing
7  to release Wilson from his deposition.  Mr. Low indicated that Wilson failed to appear for a previous
8  deposition and Plaintiff was now requesting costs to depose Wilson.  Mr. Low also declined to
9  provide damages-related information before Plaintiff's deposition, asserting that it was additional
10 discovery beyond the limits in the civil rules.  Exhibit C to Bushner Dec.

11     On November 19, 2010, defense counsel sent a reply e-mail to Mr. Low.  Counsel made
12 several requests, including: (1) a request that Mr. Low respond as to whether he would sign the
13 stipulation regarding Defendants' admission of liability or if Mr. Low wished to revise the
14 stipulation; and (2) a request for documentation from Mr. Low that Wilson's deposition was ever
15 properly noticed.  Exhibit F to Bushner Dec.  Mr. Low did not respond.

16     Thereafter, on November 29, 2010, Wilson and H&R filed the instant motion for protective
17 order.  Based on the admission of liability, H&R seeks relief from responding to interrogatories and
18 requests for production of documents related to liability.  Additionally, Wilson seeks relief from
19 appearing for deposition unless Plaintiff demonstrates that it is necessary to prosecute his case given
20 the admission of liability.

21     Plaintiff filed an opposition to the motion for protective order on December 17, 2010.
22 Defendants filed a reply on December 30, 2010.

23                              **DISCUSSION**

24 A.    Legal Standard- Protective Order

25     Fed. R. Civ. P. 26(c) provides that a "court may, for good cause, issue an order to protect a
26 party or person from annoyance, embarrassment, oppression, or undue burden or expense."
27 Protective orders provide a safeguard for parties and other persons in light of the otherwise broad

28                                         3

reach of discovery.  Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-369 (9th Cir. 1982).  However, a court should not prohibit a relevant deposition "absent extraordinary circumstances" as such a prohibition would "likely be in error." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).

To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).  The moving party must demonstrate a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990).  In determining whether good cause exists for the protective order, the court must balance the interests in allowing discovery against the relative burdens to the parties.  In re Coordinated Pretrial Proceedings, 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir. 1981).

B.   Analysis

At the hearing, defense counsel represented that Defendants were willing to stipulate that Defendant Wilson, acting in the course and scope of his employment with H&R, was negligent and that his negligence was the sole cause of the collision at issue.  Defendant also were willing to stipulate that they would not argue comparative fault on the part of Plaintiff or any third parties in this litigation.  A stipulation to that effect has been filed with the court and the proposed order has been adopted.

Given their admission of liability and willingness to enter into a stipulation with Plaintiff, Defendants contend that good cause exists to excuse them from responding to written discovery concerning liability and from requiring a deposition of Wilson pursuant to Fed. R. Civ. P. 26(c)(1).  The Court agrees.  As Defendants have admitted liability for negligence and will not argue comparative fault, Plaintiff does not require responses to his interrogatories, document requests or deposition testimony because they relate solely to liability.  In short, the proposed discovery will not lead to any "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Plaintiff contends that a protective order would foreclose discovery relative to damages in this action. Essentially, Plaintiff seeks information regarding potential punitive damages. Yet, Plaintiff's complaint does not contain a claim for punitive damages and he has not requested such damages. Further, at the hearing, Plaintiff was unable to persuade the Court that the proposed discovery was reasonably calculated to lead to the discovery of admissible evidence regarding punitive damages.

In light of the proposed stipulation regarding liability and comparative fault, the discovery at issue is an undue burden and expense for Defendants. Thus, a protective order is warranted pursuant to Fed. R. Civ. P. 26(c)(1). However, the protective order is conditioned on the execution of a stipulation between the parties in which Defendants admit liability for negligence and deny comparative fault on the part of Plaintiff and any third parties.

## CONCLUSION AND ORDER

For the reasons stated above, Defendants' motion for protective order is GRANTED.

IT IS SO ORDERED.

Dated:   **January 28, 2011**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

5